STATE OF LOUISIANA     *     NO. 2021-KA-0041

VERSUS     *

PETER A. GRANDPRE, JR.     *

    *

**COURT OF APPEAL**

**FOURTH CIRCUIT**

**STATE OF LOUISIANA**

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 523-303, SECTION "1"
Honorable Arthur Hunter, Judge
* * * * * *
**Judge Tiffany G. Chase**
* * * * * *
(Court composed of Judge Rosemary Ledet, Judge Tiffany G. Chase, Judge Dale N. Atkins)

Jason Rogers Williams, District Attorney
David B. LeBlanc, Assistant District Attorney
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119


    COUNSEL FOR APPELLEE/STATE OF LOUISIANA


Willard J. Brown, Sr.
LAW OFFICE OF W.J. BROWN
4619 S. Claiborne Avenue
New Orleans, LA 70125


    COUNSEL FOR APPELLANT/DEFENDANT

       **VACATED AND REMANDED**
       **JULY 7, 2021**

*TGC*
*RML*
*DNA*

This is a criminal case. The defendant, Peter Grandpre (hereinafter "defendant"), appeals his convictions and sentences for conspiracy to distribute heroin, conspiracy to commit second degree murder, and second degree murder. For the following reasons, we vacate defendant's convictions and sentences and remand the case to the trial court.

## FACTS AND PROCEDURAL HISTORY

On January 28, 2015, defendant was indicted by an Orleans Parish grand jury of three felonies: count one, conspiracy to distribute heroin; count two, conspiracy to commit the second degree murder of Rebecca Demuth; and count three, second degree murder of Rebecca Demuth.[1] Defendant's jury trial occurred October 21, 2019 through October 29, 2019. After trial, the jury found defendant guilty as charged on all counts. A poll of the jury revealed that defendant was convicted of conspiracy to distribute heroin by a vote of eleven to one, and convicted of conspiracy to commit second degree murder and second degree murder by votes of ten to two. After the verdict was rendered, defense counsel objected to the non-unanimous jury verdicts.

---

[1] Mr. Grandpre was indicted with a co-defendant, Anthony Eugene. Defendant is, however, the sole defendant in the appeal under review.

Defendant filed a motion for new trial on December 3, 2019, arguing that he was entitled to a new trial because his guilty verdicts were rendered by a non-unanimous jury. The trial court denied defendant's motion that same date. On December 9, 2019, defendant was sentenced by the trial court to life imprisonment at hard labor, without the benefit of parole, probation, or suspension of sentence, for his conviction for second degree murder. The trial court also sentenced defendant to thirty years at hard labor for his conspiracy to commit second degree murder conviction. Finally, as to defendant's conviction for conspiracy to distribute heroin, the trial court imposed a sentence of twenty years at hard labor. All sentences were to run concurrently and with credit for time served. This appeal followed.

## ERRORS PATENT

Non-unanimous jury convictions have been deemed errors patent under Louisiana law pursuant to *Ramos v. Louisiana*, 590 U.S. ____, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020). *See, e.g., State v. Monroe,* 2020-00335 (La. 6/3/20), 296 So.3d 1062. Defendant raises the non-unanimous jury verdicts in his assignments of error. Thus, we will address this error patent below.

## DISCUSSION

Defendant assigns three errors on appeal, all concerning the non-unanimous jury verdicts. Defendant avers that the trial court erred in denying his motion for new trial based on the non-unanimous verdicts; that the trial court erred in sentencing him based upon the non-unanimous verdicts in violation of the Sixth and Fourteenth Amendments to the United States Constitution; and that the trial court erred in instructing the jury of its ability to convict him in a ten to two

verdict.  Defendant argues that the lack of a unanimous verdict relating to his felony convictions violates his constitutional rights.  This argument has merit.

In *Ramos,* the United States Supreme Court held that jury verdicts in state felony trials must be unanimous.  *Ramos,* 590 U.S. at ____, 140 S.Ct. at 1397, 206 L.Ed.2d 583 (2020); *see also State v. Myles,* 2019-0965 (La.App. 4 Cir. 4/29/20), 299 So.3d 643.  Further, in *Schriro v. Summerlin*, 542 U.S. 348, 351, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004), the Court observed that "[w]hen a decision of [the United States Supreme Court] results in a 'new rule,' that rule applies to all criminal cases still pending on direct review."  As defendant's case is pending on direct review, the United States Supreme Court's decision in *Ramos* applies.

### DECREE

For the foregoing reasons, defendant's convictions and sentences are vacated and the case is remanded to the district court.


**VACATED AND REMANDED**